**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FRANKIE RICH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  26-01311 (UNA) |
| | ) | |
| | ) | |
| SARA SIMMONS *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff, appearing *pro se*, submitted a complaint and an application to proceed *in forma pauperis* (IFP).  For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff sues two employees of the Office of the Clerk of the U.S. Supreme Court in their official and individual capacities for rejecting his submissions under Sup. Ct. Rule 9.1.  *See* Compl., ECF No. 1 at 2-3, 9.  Plaintiff seeks money damages, a declaratory judgment, and an injunction "requiring defendants to accept and process" his "petition for writ of certiorari as personal representative of his deceased wife's estate, allowing it to be considered by the Justices of the Supreme Court on its merits."  *Id*. at 7.

Because the Supreme Court "has inherent supervisory authority over its Clerk," this Court lacks jurisdiction to compel the Clerk and the Clerk's staff to take any action.  *In re Marin,* 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam), quoting *Panko v. Rodak*, 606 F.2d 168 (7th Cir. 1979) ("[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action.").  Further, "clerks, like judges, are immune from damage suits for performance of

tasks," as alleged here, "that are an integral part of the judicial process." *Sindram v. Suda*, 986

F.2d 1459, 1460 (D.C. Cir. 1993). And a court "shall" dismiss a case that "seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). Therefore,

this case will be dismissed by separate order.


_____/s/_____
CHRISTOPHER R. COOPER
Date: May 27, 2026                          United States District Judge

2